## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COLUMBIA INSURANCE GROUP, INC., | ) | Case No.: 1:18-cv-03657 |
| TDH MECHANICAL, INC., ROCKWELL | ) | |
| PROPERTIES, LLC, PRAIRIE MANAGEMENT | ) | |
| & DEVELOPMENT, INC., EDUARDO | ) | |
| GUZMAN, AND KARLA AVINA, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SCOTTSDALE INSURANCE COMPANY, by and through its attorneys, Jonathan L. Schwartz and Bradley R. Ryba of Goldberg Segalla LLP, brings this Complaint for Declaratory Judgment against Defendants, COLUMBIA INSURANCE GROUP, INC., TDH MECHANICAL, INC., ROCKWELL PROPERTIES, LLC, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., EDUARDO GUZMAN, and KARLA AVINA, and alleges and states as follows:

### STATEMENT OF THE CASE

1.     Scottsdale Insurance Company brings this insurance coverage action to obtain a declaratory judgment finding that Columbia Insurance Group, Inc. has a duty to defend and indemnify Rockwell Properties, LLC and Prairie Management and Development, Inc. and a duty to reimburse Scottsdale Insurance Company for all defense costs incurred in connection with a personal injury lawsuit pending in the Circuit Court of Cook County, Illinois, encaptioned *Guzman, et al, v. Prairie Management & Development, Inc., et al.*, No. 17 L 3510 ("Underlying Lawsuit").

2.      Scottsdale Insurance Company also brings this insurance coverage action to obtain a declaratory judgment finding that it has no duty to defend or indemnify Prairie Management and Development, Inc. in the Underlying Lawsuit.

## JURISDICTION AND VENUE

3.      Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

4.      Plaintiff, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), is a corporation organized under the laws of Ohio, with its principal place of business in Scottsdale, Arizona.

5.      Defendant, the COLUMBIA INSURANCE GROUP, INC. ("Columbia"), is a corporation organized under the laws of the State of Missouri with its principal place of business in Columbia, Missouri.

6.      Defendant, TDH MECHANICAL, INC. ("TDH"), is a corporation organized under the laws of the State of Illinois with its principal place of business in Illinois.  TDH is named as a potentially interested party by virtue of its status as the named insured under Columbia's policy under which Scottsdale seeks declarations as to Columbia's duties and obligations.

7.      Defendant, ROCKWELL PROPERTIES, LLC ("Rockwell"), is a limited liability company organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.  Rockwell's sole members are Paul Levy, Tony Augustine, and David Baum, each of whom is an Illinois citizen and resident of Cook County, Illinois.

8.      Defendant, PRAIRIE MANAGEMENT & DEVELOPMENT, INC. ("Prairie"), is a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

9.     Defendant, EDUARDO GUZMAN, is a resident of Kane County, Illinois and a citizen of the State of Illinois.  Mr. Guzman is named as a potentially interested party by virtue of his status as a plaintiff in the Underlying Lawsuit.

10.     Defendant, KARLA AVINA, is a resident of Kane County, Illinois and a citizen of the State of Illinois.  Ms. Avina is named as a potentially interested party by virtue of her status as a plaintiff in the Underlying Lawsuit.

11.     Diversity jurisdiction exists because:  (a) there is complete diversity of citizenship between Plaintiff, Scottsdale, on the one hand, and Defendants, Columbia, TDH, Rockwell, Prairie, Guzman, and Avina, on the other hand, and (b) the amount in controversy, including the potential cost of defending and indemnifying Rockwell and Prairie in the Underlying Lawsuit and reimbursing Scottsdale well exceeds $75,000.

12.     Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this lawsuit occurred in this District, including where the Columbia Policy was issued and delivered and where the Underlying Lawsuit is ongoing.

13.     An actual justiciable controversy exists between Scottsdale, on the one hand, and Columbia, TDH, Rockwell, Prairie, Guzman, and Avina, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## COLUMBIA POLICY

14.     Columbia issued to TDH a contractors businessowners insurance policy, No. CTPIL0000098436, for the April 12, 2016 to April 12, 2017 policy period ("Columbia Policy").  A true and correct copy of the Columbia Policy is attached hereto as **Exhibit A**.

15.     The Columbia Policy contains the following Insuring Agreement:

A. **Coverages**

1. **Business Liability**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. …

\* \* \*

16. The Columbia Policy contains an endorsement titled "Contractors Businessowners Premier Endorsement" (No. CB-500 (10-14)). It states, in pertinent part, as follows:

> **Who Is An Insured** is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability arising out of your ongoing operations performed for that insured. Liability for "bodily injury" … caused, in whole, or in part, by "your work" arising out of your ongoing operations performed for that additional insured and included in the "products-completed operations hazard."
>
> The insurance provided to the person or organization is primary insurance and we will not seek contribution from any other insurance available to that insured.

\* \* \*

### SCOTTSDALE POLICY

17. Scottsdale issued to Rockwell a commercial general liability policy, No. CPS2559850, for the December 12, 2016 to December 12, 2017 policy period ("Scottsdale Policy"). A true and correct copy of the Scottsdale Policy is attached hereto as **Exhibit B**.

18. The Scottsdale Policy includes as an insured "any organization while acting as [Rockwell's] real estate manager."

19. The Scottsdale Policy contains the following condition:

b. **Excess Insurance**

**(1)** This insurance is excess over:

\* \* \*

      **(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

**(2)** When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

## ROCKWELL AND PRAIRIE'S CONTRACT WITH TDH

20. On or about February 9, 2017, Rockwell and Prairie entered into a general contractor agreement with TDH for a project located at 3057 N. Rockwell, Chicago, Illinois ("TDH Contract"). The TDH Contract pertained to TDH's installation of an HVAC system at the project. A true and correct copy of the TDH Contract is attached hereto and incorporated herein as **Exhibit C**.

21. The TDH Contract contains the following relevant obligations for TDH:

14. ... [TDH] shall further provide and maintain public liability insurance for personal injury, including death, suffered by persons other than employees, which may arise from operations under this Contract: and shall also provide and maintain property damage insurance coverage, with limits satisfactory to [Rockwell]. The limits of such liability insurance coverage shall be in the amounts of at least $1,000,000 per occurrence and $2,000,000 per project aggregate. Prior to commencement of Work, [TDH] shall furnish [Rockwell] with satisfactory evidence that such insurance is obtained and is maintained in full force and effect.

\* \* \*

15. <u>Prior to</u> commencing any work, [TDH] shall submit a certification of insurance acceptable to [Rockwell] naming the Owner (Rockwell

5

Properties, LLC) and Prairie Management & Development, Inc. as Additional Insureds for the duration of the job.

## UNDERLYING LAWSUIT

22.     The First Amendment to Complaint at Law in the Underlying Lawsuit ("Underlying Complaint") alleges that on or about March 13, 2017, Prairie was the construction manager of a project located at 3057 N. Rockwell Street, Chicago, Illinois ("Construction Site").  A true and correct copy of the Underlying Complaint is attached hereto and incorporated herein as **Exhibit D**.

23.     The Underlying Complaint further alleges that Mr. Guzman, as an employee of TDH, was working at the Construction Site on March 13, 2017 when he sustained serious injuries.

24.     The Underlying Complaint also alleges that Prairie "had overall responsibility for safety at the construction site, including the work area where [Guzman] was working at the time of his injuries."

25.     The Underlying Complaint also alleges that each of Prairie and Rockwell "carelessly and negligently failed to supervise, inspect, monitor, and coordinate the work of the subcontractors on the construction site in order to prevent and protect [Guzman] from falling through the unprotected opening in the floor."

26.     The Underlying Complaint alleges that each of Prairie and Rockwell "carelessly and negligently failed to properly supervise the construction site and monitor work of its subcontractors, and thereby allowed its subcontractors to engage in the unsafe practice of not covering or guarding the unmarked opening in the floor with appropriate protection which exposed [Guzman] to the risk of falling through the opening."

27.     One of the defendants in the Underlying Lawsuit, David Huth, individually and d/b/a H&H Contracting ("H&H"), filed a third-party complaint for contribution against TDH.  A true and accurate copy of that third-party complaint is attached hereto and incorporated herein as **Exhibit E**.

28.     H&H alleges that TDH was hired by, in pertinent part, Prairie and Rockwell to perform HVAC work at the construction project.  And even though Guzman was TDH's employee, TDH negligently failed to (a) train its employees to stop working in a dangerous area, (b) provide a safe workplace for its employees, (c) train its employees with respect to hazards at construction sites, (d) train its employees to take notice of their surroundings prior to beginning work, and (e) provide its employees with proper fall protection, and safety equipment.  H&H further alleges that TDH's negligent acts or omissions were the cause, in whole or in part, of Guzman's injuries.

29.     Two other defendants in the Underlying Lawsuit, Patrick Rosen and Rosen Architecture (collectively "Rosen"), filed a third-party complaint for contribution against TDH.  A true and accurate copy of that third-party complaint is attached hereto and incorporated herein as **Exhibit F**.

30.     Rosen alleges that to the extent it is found liable for Guzman's injuries, TDH's negligent acts or omission were the real cause, at least in part, of Guzman's injuries.   More specifically, Rosen alleges that TDH negligently:  (a) allowed there to be an unprotected opening in the wood floor through which Guzman fell, (b) failed to supervise and inspect the construction site, (c) failed to warn and alert Guzman of the opening in the floor, (d) failed to protect the floor opening, (e) failed to train employees in proper fall protection, (f) failed to instruct Guzman on safe ingress and egress onto the construction site, (g) failed to provide adequate illumination near the area of the opening, and (h) failed to inspect the condition of the construction site.

31.     Another defendant in the Underlying Lawsuit, Phoenix Community Builders, Inc. ("Phoenix") filed a third-party complaint against TDH.  A true and accurate copy of that third-party complaint is attached hereto and incorporated herein as **Exhibit G**.

32.     Phoenix alleges that Guzman was injured in furtherance of TDH's work at the construction site, and further, that his injuries were proximately caused by the following negligent

acts or omissions by TDH: (a) its failure to inspect and supervise the worksite and the HVAC work of its employees, (b) its failure to train and supervise Guzman in the responsibilities and conduct of his work, and (c) its failure to enforce safety rules and provide safeguards to prevent injury.

### TENDER OF COVERAGE ON BEHALF OF PRAIRIE AND ROCKWELL

33.     Scottsdale has been defending Rockwell and Prairie in the Underlying Lawsuit under a reservation of rights since April 13, 2017.

34.     Columbia has refused the defense of Rockwell and Prairie in the Underlying Lawsuit, as well as reimbursement of Scottsdale's defense costs.

### COUNT I – COLUMBIA DUTY TO DEFEND ROCKWELL

35.     Scottsdale incorporates by reference paragraphs 1-34 above as if fully stated herein.

30.     Pursuant to the TDH Contract, TDH was required to name Rockwell as an additional insured.

31.      The Columbia Policy's additional insured endorsement applies, in pertinent part, to any person or organization that TDH "agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy."

32.     The allegations of liability against Rockwell in the Underlying Complaint seek to hold it liable for Guzman's injuries, as a consequence of, at least in part, TDH's work at the construction project and arising out of TDH's HVAC work for Rockwell.

33.     As evidenced by the third-party complaints, TDH's alleged wrongdoing may have caused the injuries for which Guzman seeks to hold Rockwell liable.

34.     Columbia's duty to defend Rockwell is triggered by the allegations of the Underlying Complaint and the third-party complaints against TDH.

35.     Columbia thus has a primary and non-contributory duty to defend Rockwell against the Underlying Complaint.

36.     Despite its primary and non-contributory duty to defend Rockwell, Columbia has refused to defend Rockwell in the Underlying Lawsuit.

37.     Scottsdale is entitled to full reimbursement of all defense costs and expenses it has incurred in defending Rockwell against the Underlying Complaint.

<u>**COUNT II – COLUMBIA DUTY TO DEFEND PRAIRIE**</u>

38.     Scottsdale incorporates by reference paragraphs 1-34 above as if fully stated herein.

39.     Pursuant to the TDH Contract, TDH was required to name Prairie as an additional insured.

40.      The Columbia Policy's additional insured endorsement applies, in pertinent part, to any person or organization that TDH "agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy."

41.     The allegations of liability against Prairie in the Underlying Complaint seek to hold it liable for Guzman's injuries, as a consequence of, at least in part, TDH's work at the construction project and arising out of TDH's HVAC work for Prairie.

42.     As evidenced by the third-party complaints, TDH's alleged wrongdoing may have caused the injuries for which Guzman seeks to hold Prairie liable.

43.     Columbia's duty to defend Prairie is triggered by the allegations of the Underlying Complaint and the third-party complaints against TDH.

44.     Columbia thus has a primary and non-contributory duty to defend Prairie against the Underlying Complaint.

45.     Despite its primary and non-contributory duty to defend Rockwell, Columbia has refused to defend Prairie in the Underlying Lawsuit.

46.     Scottsdale is entitled to full reimbursement of all defense costs and expenses it has incurred in defending Prairie against the Underlying Complaint.

## COUNT III – SCOTTSDALE NO DUTY TO DEFEND OR INDEMNIFY PRAIRIE

47.     Scottsdale incorporates by reference paragraphs 1-34 above as if fully stated herein.

48.     Prairie is only entitled to coverage as an insured under the Scottsdale Policy if Guzman's injuries arise out of Prairie's duties as real estate manager for Rockwell.

49.     The Underlying Complaint contains no allegations that Prairie was acting as a real estate manger when Mr. Guzman alleged injuries occurred.  Rather, Prairie is alleged to have been acting in its capacity as the construction manager at the construction project when Mr. Guzman was injured.

50.     Scottsdale thus has no duty to defend Prairie against the Underlying Complaint.

51.     And since Scottsdale has no duty to defend Prairie against the Underlying Complaint, it also has no duty to indemnify Prairie against the Underlying Complaint or any adverse judgment or settlement resulting therefrom.

WHEREFORE, Plaintiff SCOTTSDALE INSURANCE COMPANY, respectfully requests this Court enter a declaratory judgment in its favor and against defendants COLUMBIA INSURANCE GROUP, INC., TDH MECHANICAL, INC., ROCKWELL PROPERTIES, LLC, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., EDUARDO GUZMAN, and KARLA AVINA, declaring, adjudging, and decreeing as follows:

A.      That Columbia has a primary and non-contributory duty to defend Rockwell against the Underlying Complaint;

B.      That Columbia has a primary and non-contributory duty to defend Prairie against the Underlying Complaint;

C.      That Columbia must reimburse Scottsdale all costs and expenses it has incurred in defending Prairie against the Underlying Complaint;

D.      That Columbia must reimburse Scottsdale all costs and expenses it has incurred in defending Prairie against the Underlying Complaint;

E.      That Scottsdale has no duty to defend Prairie against the Underlying Complaint;

F.      That Scottsdale has no duty to indemnify Prairie against the Underlying Complaint; and

G.      That Scottsdale is entitled to such other and further relief, including court costs, as this Court deems appropriate.

DATED:      May 24, 2018          Respectfully submitted,

                                 **GOLDBERG SEGALLA LLP**

                                 By: /s/ Jonathan L. Schwartz
                                 One of the Attorneys for Scottsdale Insurance Company

Jonathan L. Schwartz (ARDC #6287338)
Bradley R. Ryba (ARDC #6321428)
GOLDBERG SEGALLA LLP
311 South Wacker Drive, Suite 2450
Chicago, IL 60606
312-572-8411 / Fax: 312-572-8401
jschwartz@goldbergsegalla.com
bryba@goldbergsegalla.com

(8746006.2)