IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18 C 3657 ) ) Judge John Z. Lee ) |
| COLUMBIA INSURANCE GROUP, INC., TDH MECHANICAL, INC., ROCKWELL PROPERTIES, LLC, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., ROCKFORD MUTUAL INSURANCE COMPANY, EDUARDO GUZMAN, and KARLA AVINA, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Scottsdale Insurance Company ("Scottsdale") filed this lawsuit, seeking a declaration that Columbia Insurance Group, Inc. ("Columbia") has a duty to defend and indemnify Rockwell Properties, LLC ("Rockwell") and Prairie Management & Development, Inc. ("Prairie") in a personal-injury lawsuit pending in the Circuit Court of Cook County ("the underlying lawsuit").[1] Scottsdale has moved for judgment on the pleadings with respect to its claims against Columbia, while Columbia and TDH Mechanical, Inc. ("TDH") have filed a cross-motion for judgment on the pleadings. For the reasons stated herein, Scottsdale's motion [47] is granted as to its claims concerning Columbia's duty to defend Rockwell and Prairie; however, its duty-to-indemnify claims against Columbia are dismissed without prejudice. Columbia's and TDH's motion [56] is denied.

---

[1] Scottsdale also seeks a declaration that Rockford Mutual Insurance Company has a duty to defend and indemnify Prairie in the underlying lawsuit, as well as a declaration that it (Scottsdale) has no duty to defend or indemnify Prairie in the same litigation. Those claims are not the subject of the cross-motions for judgment on the pleadings.

**Background**

**I.     The Underlying Lawsuit**

This case arises out of a personal-injury action filed in the Circuit Court of Cook County, *Eduardo Guzman et al. v. Prairie Management & Development, Inc. at al.*, No. 17 L 3510. Am. Compl. ¶ 1, ECF No. 28. The underlying complaint alleges that on March 13, 2017, Guzman was performing HVAC work at a construction site located at 3057 N. Rockwell Street in Chicago, Illinois ("the construction site"). *Id.*, Ex. E ("Underlying Compl.") at 2, ECF No. 28-5. Guzman's employer, TDH, had been contracted to install an HVAC system at the construction site. Am. Compl. ¶ 27. Prairie was the construction manager of the site, and Rockwell was the legal owner. Underlying Compl. at 2, 10.

While working at the construction site, Guzman fell approximately 22 feet "through an unguarded opening" in the second floor, sustaining serious injuries. *Id.* at 2, 4. Guzman alleges construction negligence claims against Prairie and Rockwell, as well as several other individuals and entities involved at the site. *See generally* Underlying Compl.

Several defendants in the underlying lawsuit, not including any of the Defendants in this case, filed third-party complaints for contribution against TDH, alleging that TDH negligently failed to train its employees, maintain a safe workplace, or provide proper safety equipment. Am. Compl. ¶¶ 35–40.

Scottsdale, which issued a commercial general liability policy to Rockwell, has been defending Rockwell and Prairie in the underlying lawsuit since April 13, 2017. *Id.* ¶¶ 24, 43.

**II.     The Columbia Insurance Policy**

TDH carried a contractors businessowners insurance policy from Columbia, which covered the period from April 12, 2016 to April 12, 2017 ("the Columbia policy"). Am. Compl. ¶ 16. The Columbia policy contains the following "insuring agreement":

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages . . . .

*Id.*, Ex. A ("Columbia Policy") at 67[2], ECF No. 28-1. It also contains an endorsement stating:

> Who Is An Insured is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability arising out of your ongoing operations performed for that insured. Liability for "bodily injury" . . . caused, in whole, or in part, by "your work" arising out of your ongoing operations performed for that additional insured and included in the "products-completed operations hazard."
>
> The insurance provided to the person or organization is primary insurance and we will not seek contribution from any other insurance available to that insured.

*Id.* at 33.

Columbia has refused to defend Rockwell and Prairie in the underlying lawsuit and has refused to reimburse Scottsdale's defense costs for doing so. Am. Compl. ¶ 44.

## **Legal Standard**

Motions for judgment on the pleadings are brought under Federal Rule of Civil Procedure 12(c), which tests the sufficiency of claims based on the pleadings. *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). When reviewing a Rule 12(c) motion, the Court takes all facts pleaded in the complaint as true and draws "all reasonable inferences and facts in favor of the nonmovant."

---

[2]     Page numbers for the Columbia policy refer to the CM/ECF page numbers at the top of each page.

3

*Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016). A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A court will grant a motion for judgment on the pleadings when it is clear that the non-moving party cannot prove any set of facts sufficient to support its claim for relief. *Hayes*, 670 F.3d at 813.

## Analysis

### I. The TDH Contract

TDH performed the HVAC installation at the construction site pursuant to a written agreement with Prairie and Rockwell ("the TDH contract"). The contract specifies that TDH would name Prairie and Rockwell as "additional insureds" on its insurance policy for the duration of the job. *See* Am. Compl., Ex. D ("TDH Contract") at 3, ECF No. 28-1. It further specifies that TDH would indemnify and defend Rockwell and Prairie for claims of damages "because of bodily injuries . . . sustained by any person or persons; or on account of damage to property arising out of or on account of or in consequence of the performance of this Contract where such injuries to person or damage to property are due to or claimed to be due to any negligence of [TDH's] employees, agents, or servants." *Id.* at 3. The Columbia policy, as noted above, states that parties, who have contracted with TDH (such as Prairie and Rockwell), are additional insureds "only with respect to liability" for bodily injury "caused, in whole, or in part, by [TDH's] work." Columbia Policy at 33.

Columbia and TDH argue that Prairie and Rockwell are not "additional insureds" under the Columbia policy because the TDH contract specifies that TDH will defend Prairie and Rockwell only in suits brought against them for injuries due, or claimed to be due, to TDH's

4

negligence. But the provisions of the TDH contract with Rockwell and Prairie are not determinative of Columbia's duties under its insurance policy with TDH. *See Am. States Ins. Co. v. Koloms*, 687 N.E.2d 72, 75 (Ill. 1997) (stating that, to determine whether an insurer is obligated to defend its insured, "a court looks to the allegations in the underlying complaint and compares those allegations to the relevant provisions *of the insurance policy*") (emphasis added).[3]

In *Pekin Insurance Co. v. CSR Roofing Contractors, Inc.*, the Illinois Appellate Court considered whether it was necessary to consider a subcontractor agreement together with the insurance policy in question to determine the scope of coverage afforded by the policy. 41 N.E.3d 559, 565–69 (Ill. App. Ct. 2015). The appellate court determined that there was no basis to read the agreement and the policy together because the policy "[did] not explicitly show that [the parties] intended to incorporate [the subcontractor agreement]." *Id.* at 568. Moreover, the court noted, the policy and the subcontractor agreement "did not involve the same contracting parties and were not executed as part of the same transaction." *Id.*

The same is true here. The Columbia policy contains no indication of an intent to incorporate TDH's contract with Rockwell and Prairie, and Columbia was not a party to it. What is more, the Columbia policy states that an "additional insured" includes "any person or organization for whom [TDH is] performing operations when [TDH] and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured." Columbia Policy at 33. And it is undisputed that the TDH contract provided that Prairie and Rockwell would be named additional insureds to its policy. *See* Am.

---

[3] The parties do not dispute that Illinois law applies. *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001) ("A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits.").

5

Compl. ¶¶ 47, 56; Columbia & TDH Answer ¶¶ 47, 56, ECF No. 29. As such, the Court concludes that Prairie and Rockwell are additional insureds under the Columbia policy.

## II. Duty to Defend

Under Illinois law, in determining whether an insurer has a duty to defend, the court compares the allegations in the underlying complaint to the language of the insurance policy. *Lagestee-Mulder, Inc. v. Consol. Ins. Co.*, 682 F.3d 1054, 1056 (7th Cir. 2012) (citing Illinois law). Furthermore, the duty to defend is broader than the duty to indemnify, because "an insurance company must defend its insured in actions that are even *potentially* within coverage." *Id.* (emphasis in original). "[I]f the underlying complaint alleges facts within or potentially within policy coverage, an insurer is obligated to defend its insured even if the allegations are groundless, false or fraudulent." *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods, Inc.*, 828 N.E.2d 1092, 1098 (Ill. 2005). Any doubts as to the duty to defend are to be resolved in favor of the insured. *Hilco Trading, LLC v. Liberty Surplus Ins. Corp.*, 8 N.E.3d 166, 174 (Ill. App. Ct. 2014).

Columbia and TDH point out that Guzman did not name TDH as a defendant in the underlying lawsuit. But the fact that Guzman did not bring a negligence claim against TDH does not necessarily mean that Prairie and Rockwell cannot be found liable to Guzman based on TDH's work at the construction site. As Scottsdale points out, the underlying complaint specifically alleges that Prairie and Rockwell "negligently failed to supervise, inspect, monitor, and coordinate the work of the subcontractors on the construction site in order to prevent and protect Plaintiff from falling through the unprotected opening in the floor." Underlying Compl. at 3, 12. Furthermore, the complaint states that Prairie and Rockwell "negligently failed to properly supervise the construction site and monitor work of [their] subcontractors, and thereby *allowed [their] subcontractors to engage in the unsafe practice* of not covering or guarding the unmarked

6

opening in the floor with appropriate protection which exposed Plaintiff to the risk of falling through the opening." *Id.* at 8, 12–13 (emphasis added). TDH was one such subcontractor; therefore, it is possible that TDH's negligence could be determined to be a cause of Guzman's injuries. Because it is not "clear from the face of the underlying complaint that the allegations set forth . . . fail to state facts to bring a case within, or potentially within, the coverage of the policy," Columbia has a duty to defend. *Lagestee-Mulder*, 682 F.3d at 1056; *see also U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.*, 578 N.E.2d 926, 930 (Ill. 1991).

The Court recognizes that some Illinois courts have found allegations similar to those at issue here insufficient to establish a duty to defend. *See, e.g.*, *Nat'l Fire Ins. of Hartford v. Walsh Constr. Co.*, 909 N.E.2d 285, 291 (Ill. App. Ct. 2009) ("More than some unspecified breach of the subcontractor's duty to provide a safe work place is required to support a claim that the negligence complaint implicates negligence on the part of the subcontractor, too."); *L.J. Dodd Constr., Inc. v. Federated Mut. Ins. Co.*, 848 N.E.2d 656, 659 (Ill. App. Ct. 2006) (finding no duty to defend where the applicable insurance policy excluded coverage for the additional insured's "sole negligence" and plaintiff alleged only that the additional insured's negligence caused his injury). But in those cases, the policies at issue expressly excluded coverage for additional insureds in cases of "liability resulting from the sole negligence of the additional insured." *See Nat'l Fire Ins.*, 909 N.E.2d at 288; *L.J. Dodd Constr.*, 848 N.E.2d at 659. No such express exclusion exists here. In fact, under the Columbia policy, Rockwell and Prairie are additional insureds "with respect to liability arising out of [TDH's] ongoing operations performed" for them, where that liability is "caused, in whole, or in part" by TDH's work. Columbia Policy at 33. The allegations in the underlying complaint bring the matter within this broad language.

7

Furthermore, Scottsdale asks the Court to consider the multiple third-party complaints that have been filed in the underlying case against TDH seeking contribution; all allege that it was TDH's negligence that caused Guzman's injuries. Under Illinois law, a court may consider third-party complaints, so long as they are not "self-serving" or filed by the additional insured seeking coverage. *See, e.g.*, *Farmers Auto. Ins. Ass'n v. Neumann*, 28 N.E.3d 830, 834 (Ill. App. Ct. 2015) (concluding that the circuit court should have considered third-party complaint in determining duty to defend where it was filed by an outside party, rather than a party seeking coverage as a putative additional insured); *Ill. Emcasco Ins. Co. v. Waukegan Steel Sales Inc.*, 996 N.E.2d 247, 254 (Ill. App. Ct. 2013) (finding it proper to consider third-party complaints to determine duty to defend where they were not "self-serving" complaints written by the putative additional insured seeking coverage to "bolster its position"). The third-party complaints on which Scottsdale relies were not filed by the parties seeking coverage as additional insureds, and there is nothing to suggest that they were filed merely to "fill in information" missing from the underlying complaint. *See Farmers Auto Ins. Ass'n*, 28 N.E.3d at 834. Accordingly, the Court is free to consider the third-party complaints in determining the scope of Columbia's duty to defend.

Here, the third-party complaints filed against TDH in the underlying action certainly raise the possibility that TDH will be held liable for Guzman's injuries based on its own negligence—a possibility also contemplated by the underlying complaint itself. *See generally* Am. Compl., Ex. F, ECF No. 28-6; *id.*, Ex. G, ECF No. 28-7; *id.*, Ex. H, ECF No. 28-8. Accordingly, the Court concludes that Columbia has a duty to defend Rockwell and Prairie in the underlying lawsuit. *See Lagestee-Mulder*, 682 F.3d at 1056 (stating that an insurance company "must defend its insured in actions that are even potentially within coverage").

8

### III. Duty to Indemnify

Scottsdale also seeks a declaration that Columbia has a duty to indemnify Rockwell and Prairie. Under Illinois law, the duty to indemnify can be determined only after the insured becomes legally obligated to pay damages in the underlying lawsuit. *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1221 (Ill. 1992). "[T]he determination of an insurer's duty to indemnify is particularly ill-suited for declaratory judgment when the insured's underlying liability suit is ongoing." *Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Manpower, Inc.*, No. 10 C 2383, 2011 WL 124242, at *4 (N.D. Ill. Jan. 12, 2011). Because the underlying lawsuit is still pending, Scottsdale's claim requesting a declaration that Columbia has a duty to indemnify Rockwell and Prairie is premature. Accordingly, the Court dismisses without prejudice Scottsdale's declaratory-judgment claims regarding Columbia's duty to indemnify Rockwell and Prairie. *See Med. Assurance Co., Inc. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010) (explaining that dismissal without prejudice is the proper course of action when a duty-to-indemnify claim is not ripe).

### Conclusion

For the foregoing reasons, Scottsdale's motion for judgment on the pleadings is granted in part. The Court declares that Columbia has a duty to defend Prairie and Rockwell in the underlying lawsuit. However, Scottsdale's duty-to-indemnify claims are dismissed without prejudice to renewal after the underlying lawsuit is resolved. Columbia and TDH's motion for judgment on the pleadings is denied.

**IT IS SO ORDERED.**                    ENTERED: 8/20/19

                                        _____
                                        **John Z. Lee**
                                        **United States District Judge**

9